May it please the Court, my name is Greg Harper. I represent Appellant American States Insurance Company. We're here by virtue of an assignment from the appellee's policyholder, Professional Home Builders, LLC. So I'm here as the assignee of the policyholder who I'll refer to as LLC, and in my client's own right, as a party seeking equitable contribution. And all this appeal involves is my client's claim that First Financial owes us the cost of defense for LLC's participation as a defendant in a lawsuit and an arbitration. This appeal is controlled by Truck Insurance Exchange v. Vanport Homes, which is a Washington Supreme Court case decided in 2002, and which was in force when First Financial was making its decision to deny LLC a defense. And I think it's important to note that First Financial's decision-maker was in North Carolina, was not present in the state of Washington, and was making decisions controlled by Washington law. But the heart of the matter is this. There was a lawsuit against LLC that, when liberally construed, alleged claims against LLC, which, if they were proven, would have conceivably given rise to coverage, the very definition of a duty to defend. Which is broader than the duty to indemnify. Correct, Your Honor. When LLC was sued, LLC's lawyer sent a letter to First Financial in March of 2005 and said my client's been sued. They're alleging that they are directly liable for property damage at this apartment building. It was at that time, under Vanport, that the duty to defend was or was not triggered, because the duty to defend is triggered at the time the complaint is filed. Unless there is no coverage. Unless there is no conceivable way the claims would be covered. Unless they were unequivocally not covered. The FFIC claims adjuster, Mr. Leeds, received that letter and embarked on a four-month-long investigation of extrinsic evidence, looking to figure out whether or not he owed a duty to defend. Because as he stated in his deposition no less than six times, the allegations against LLC were vague. They were unclear. They were ambiguous. So Mr. Leeds embarks on a four-month investigation. He investigates outside the four corners of the complaint to determine when LLC's or the partnership's work was complete. Because the complaint is silent on that fact. Which is a critical fact. He goes outside the complaint. He reviews deposition testimony of trial experts that were testifying in the arbitration. And in fact, most egregiously, he waited until the arbitration was over. The very arbitration he should have been defending. He waited until it was over to make a decision on the duty to defend. And he wrote back in August of 2005, after a four-month investigation of extrinsic evidence, and said, we are not going to defend. You cited truck insurance exchange. That's the 2002 case. The language is that the allegations of the complaint were in conflict with facts known to or readily ascertainable by the insurer. Why isn't the facts determined by the insurance adjusters that the work was complete as of a certain date exactly that? Facts known or readily ascertainable by the insurer. Why does he have to be bound by the allegations of the complaint? He was, good question, he was bound by the allegations of the complaint only insofar as in Vanport, because there was no indication when the work was complete. Vanport says, he should have defended under a reservation of rights to deny coverage. He should have filed a lawsuit against LLC, seeking a declaratory judgment to determine facts that would excuse his duty to defend. That's the crux of this matter. But he can also investigate, because the complaint itself is ambiguous, isn't it? I mean, the defendant is named, the defendant was a partnership, well, it's a partnership, and then it morphed into an LLC. Do you agree? Yes, sir. And so, the plaintiff sues, just sues both of them together. And that's, I mean, so it's ambiguous as to how is the LLC liable? It is ambiguous. So he's entitled to investigate that with facts readily ascertainable to him and say, you know, when was the LLC formed? Turns out it was formed after all the work was completed. So the LLC couldn't have been liable in any event, could it? Ultimately, the LLC was not liable. It obtained a defense verdict. However, you measured the duty to defend at the time the complaint is filed. I understand that, but you aren't bound by the terms of the complaint. In other words, if you have a sloppy pleader, and they say, well, I'm, let's say they said that I was one of the, I'm named as a defendant, even though I don't have anything to do with any of this, that doesn't mean that I have to turn over to my insurance company and we have to go through all that folder roll, does it? I mean, do you understand that the insurance company is not bound by the allegations of the complaint? Yes, we must believe those. If there's some ambiguity, they're entitled to investigate. They are entitled to investigate, but if there is any conceivable way that those allegations, if proven true, would give rise to coverage, which was the case here. Well, that's the question though, isn't it? That is the question. The question is, does that complaint allege claims, which if proven true, would conceivably give rise to coverage? And here's the point, your honors. That complaint, although it says LLC was the successor, meaning it just simply followed in time, which is true, it came after. There's no allegation of successor liability. That complaint alleges that LLC was directly liable for the property damage at that apartment. But the LLC wasn't even in existence at the time that the work was completed by the partnership. That is correct. And that's what my esteemed counsel will argue. However, because the complaint is silent as to when this work was done, one reasonable interpretation would be liberally construed, which is important, that there was some work by LLC, because you don't know when this work was complete, that thus they are liable for this damage. Or the insurance company is entitled to investigate that, and that's what they did here. That's what they did here, your honor. And Mr. Leeds said the reason he investigated, because he testified unequivocally, the complaint was vague, it was unclear, and it was ambiguous. So under truck, what Mr. Leeds should have done is he should have conducted an investigation. Well, I think you misread truck. I think you're reading truck too broadly. Your honor, our position is First Financial, LLC purchased the policy from First Financial. But I mean, your position is that the insurance company then is bound by whatever's in the complaint, and they can't investigate it. No, your honor, they can investigate it. However, they need to defend while they're investigating under a reservation of rights to deny coverage. They can do it. They don't do that at their peril. I agree with that. I mean, you don't have to do it. But boy, if you're liable, you're going to be stuck with it. So I mean, that's one way, but I don't think the truck stands for the proposition that they must defend and file a debt relief action. I believe truck pretty clearly sets forth that if the complaint is unclear, the insurance company may conduct an extrinsic investigation, and it's very clear on this point, only to find coverage, not to deny coverage. The benefit of the doubt goes to the policyholder every time under truck. But if the investigation removes the doubt, there's no benefit. Yeah. You're correct, your honor, but they should have been defending until they are sure. Because until they are sure, there is a potential for coverage. That is the benefit of the bargain. Case law repeatedly says the duty to defend is often more valuable than the duty to indemnify. And just because there's another insurance company defending- What were your damages between the time that the complaint was served and the investigator determined that there was no coverage? I'm being very generic, your honor, but the damages are between 250 and $400,000. Again, I don't have it. Those are the costs of defense? Those were the costs of defense. In that period of time? Yes. Those were the costs of the defense for the arbitration and lost legal proceeding. No, no, no. Maybe I didn't ask the question correctly. And please forgive me for that. But there was a time, the complaint was filed. Mr. Lee, the insurance adjuster, went out and found extensive evidence which established that there was no coverage. That period of time, how long was that? That period of time was four months. Four months. In those four months, what were the costs of defense? The costs of defense were plus or minus $300,000 because under Griffin v. Allstate, pretender costs are recoverable. So FFIC, the totality of defense between the time the suit was filed and the time Mr. Leeds made his decision in August of 2005, when the arbitration was over, was plus or minus $300,000. When the arbitration was over, how about the first five months? It would be less than $300,000. Would you give me a figure? I will give you a figure. $240,000. So I would agree with you, Judge Mahan. They are able to investigate. However, until they conclusively determine that there could be no coverage, Truk says they are bound to defend. They cannot simply abandon the policyholder and await the outcome of the indemnity action, which is exactly what happened here. We submitted some supplemental authority, Your Honor, a case that came out of the Western District of Washington, Access Surplus Lines v. James River Insurance Company, that was very much on point. Let me ask you this. I just want to make clear my own mind because I have a note here. There is a $1.9 million judgment here, right? Yes, Your Honor. And so am I correct that what you are seeking from First Financial is about $240,000? We are seeking from First Financial of plus or minus $300,000, which would be the defense fees and costs and the other accoutrements that go with that claim. We are not seeking any indemnity. American states paid the $2 million because the award was only against the American state's policyholder. Accoutrements sound like furniture to me. Excuse me, Your Honor? Accoutrements sound like furniture to me. It was inartful, I admit. What besides what you paid your attorneys and your investigators is in that $300,000? That is defense fees, costs, and experts, period. The Axis Surplus Lines case involved a case where one insurance company was seeking to get a ruling that the co-insurer breached its duty to defend. And the interesting part of that case is the court held, notably the complaint offers no information about when the third-party defendants performed their work or when the damages that the board complained of arose. Exactly the situation here. Thus, the court held that the insurer in that case was found to have breached its duty to defend. It is the admitted ambiguities in the complaint that Mr. Leeds admitted to that triggered its duty to defend. Critically, the duty to defend was measured when the complaint was filed and when Mr. Leeds admitted he didn't know the substance of the allegations. Yes, he was permitted to investigate. His investigation could only be used to find coverage. It's self-evident he used it to deny coverage. Now, the reason I say that is because in the record, Excerpt of Record 109 through 116, is Mr. Leeds' denial letter of August 8, 2005. If you go through that denial letter, every single reason he uses to deny a defense was based upon his extrinsic investigation. That's the heart of the matter. You see, I have two minutes left which I would like to reserve unless the court has some questions. Thank you. Thank you. May it please the court, my name is Everett Shack. I'm representing the appellee, First Financial. The discussion about damages leads me to a topic that needs to be really clear because this is a very different kind of cost recovery case than any coverage case I've ever had. First of all, it involves an insurance company who defended it's insured and for some reason defended somebody else who's not it's insured. So in this case, American States defended the partnership,  not it's insured. Well, wait a minute. The limited liability company is simply a creature of statute which allows a partnership to continue to exist but not be liable beyond the partnership apportations. There will be no individual liability to the partners. It's the same partnership. It's only with a gloss. You pay a certain amount of money, at least in California. An LLC pays an additional $6,000 to the franchise tax board and gets the protection of not having it's partners' assets put at risk. Only the partnership assets, right? But the partnership doesn't change a whit. The terms of the policies make a difference as to whether or not your entity is a partnership or a limited liability company. In this case, the specific identified insured for his client was the partnership. For my client was the limited liability company. And in fact, initially, they first filed a coverage case arguing that the partnership was my insured as well. And we filed summary judgment on that and prevailed. That our only insured. That's not on appeal. That's not an issue now, was the LLC. Their only insured was the partnership. So what we have is American States who defended gratuitously the limited liability company. The case gets tried. The partnership is the only entity that incurs any damage. They're the only ones that are assessed any damage award. My client, the LLC, no responsibility at all. The next thing that happens is there's a settlement between American States and the MUNs, their partnership and the limited liability company in which they all assign their rights to pursue other insurance carriers to American States. So what happens is a practical matter is the LLC assigns its rights to pursue my client to American States. Is everybody with me? The LLC itself, however, never incurred any defense costs. Never spent one single dollar defending the case. It never spent one single dollar on indemnity paying any damages. It spent zero dollars. So what we really have going on here is a case where American States paid for the LLC's defense and then took an assignment of... Well, didn't they also pay for the partnership's defense? Yes, they did, but they're not my insured. The partnership is not my client's insured. So you had obviously no duty to defend the partnership. I had no duty to defend the partnership. So what I have is a situation where this case that they're pursuing is a case based on the assignment on the LLC's claims to American States. What are the LLC's claims? They're frankly zero. The LLC spent no money on defense and incurred no damages in this case. None. And this is not a case for equitable contribution, notwithstanding what counsel said. And the reason it's not a claim for equitable contribution is we do not have common insureds. His insured is the partnership. My insured is the LLC. So we do not have an equitable contribution claim here. What we have is his client pursuing an assigned right from the LLC for damages, but there's no damages. It never spent any money. It never incurred any defense costs. It never incurred any damages. So we're not talking about costs that were actually incurred by the LLC. We're talking about money that was gratuitously paid by American States for which they've gotten no written obligation from the LLC to pay back if they recover anything. There was no loan. There was no agreement that they're going to pay back for what they advanced for the defense. Nothing. So this is an assignment. Partial summary judgment establishing that the partnership and the LLC were not one and the same. That's correct. Therefore, the insured, your insured, was the LLC a different entity from the partnership. Yes, sir. Therefore, there's no common insured and there's no equitable contribution. That's your case. Now, and there's no appeal from the order. Was it a partial summary judgment? Yes. There's no appeal from the partial summary judgment as to the declaration that there are two parties here. That's not before us. Not before you. That summary judgment order is final. Yes, sir. Okay. So as a practical matter, there is no damage in this case in any respect. There is no dollars in defense to be recovered by American States based upon an assignment from the LLC because it itself incurred no defense costs, incurred no damages. So there is no money for it to pursue from my client. Now, is that a stipulated fact or an undisputed fact? That is an undisputed fact in the record. If you look at all of the declarations that are alleged, the LLC, excuse me, the affidavits of Mr. Harrison that are in the excerpts of record, he acknowledges that American States paid all the defense costs and they paid the judgment. The settlement agreement then between the MUNs and the LLC and American States is in the supplemental excerpt of record. No, when you say that American States paid the defense costs and the judgment, they paid the defense costs of the partnership. And of the LLC. And of the LLC. Yes, sir. That's what I said initially was this is an odd case, one that I've never seen because you have American States defending their own insured and then defending a company that's not their insured. And in fact, their policy. And they're saying they're volunteers as to that. Absolutely. That comes about because the plaintiff was sloppy and pleading and sued the LLC and the partnership collectively. I think the answer is yes to that. And the second thing is I think that there's a reason why my client did not get a tender for over two years after American States got a tender. So you say American States when they saw the complaint that inculcated both the partnership and the LLC should have said, well, we'll defend the partnership, but we won't defend the LLC. Go get your own attorneys. We don't you're not insured. That's what I would assume. And my position, your honor, I believe the reason why my client did not get a tender from the LLC many years before is because I believe that they looked at the complaint and they recognize that the out the liability that was attempting to be assessed against the LLC was derivative of the work done by the partnership. And under the policy that my client issued, there is no liability that's derivative for a previous partnership. The claims arising policy. Pardon me? Yes, sir. The claims arising policy. Yes, sir. Currents policies. So that's why I believe that while the tenders to American States went forward in 2003, my client didn't receive a tender until two years later, less than 60 days before this arbitration is supposed to happen and after arbitration has been stipulated to. And I believe the reason for that is that there was an acknowledgment perhaps by American States as a carrier that the liability of the LLC was derivative of the partnership's work. Is there a cooperation clause in your contract? Between. Between the supposed insured and the. Yes, sir, there is. So there was a stipulation as to arbitration without your okay? There was a stipulation without us even knowing about the claim. That's without your okay. Yeah. Yeah. We didn't even, we weren't even aware of the claim. Moving more to the merits of the coverage issue, all of the discussion about referenced outside the record is frankly a red herring. The issue, this is a de novo review for you if you decide to take it on that way. And what you have to look at is what does the complaint say? What does the policy say? And, you know, as the adjuster at First Financial said when he looked at the complaint, he did not find coverage for the LLC. And then he said, is there a possibility that they came out there and did other work at another time? And that's when he asked for more information. That's what he looked at. He did not find that information. And so all he did was confirm that he did not have any liability. All the work was done by 1999 and you didn't go on the risk until October 2000. July of 2002 is when the LLC came into existence. Oh, I see. Yeah, our policy didn't come into effect until three months later. But the LLC didn't even exist until July of 2002. So some nine months after the work was completed. I think if you look at the... July 2002 or July 2000? July 2000. I'm sorry, Josh. Thank you. No, thank you. That's true. Yeah. No, thank you. Makes a difference. I think if you go to the complaint, the best argument that American States has to get to argue about coverage, which I think is irrelevant given that American States, excuse me, that the assignment is worth nothing because the LLC incurred no defense costs and incurred no damages. So I don't think the assignment is worth anything anyway. But if you look at the complaint allegations in the underlying complaint, it alleges the partnership is a licensed and bonded contractor and it signed the contract, a specific allegation against it. Later in the complaint, a few paragraphs later, it then lumps the partnerships and the LLC together for purposes of definition. It's that lumping together or inarticulate way that is American States' best argument that there's a claim made against the LLC for its work. However, if you go through the rest of the paragraphs, paragraph 1.4 of the complaint says the LLC is a successor. There's no reason to allege that if you're alleging that they worked on the site themselves. There's no basis to reason to allege that they're a successor entity. There's no allegation that the LLC is a licensed and bonded contractor. There's no allegation in the complaint that they assigned or assumed any part of the performance of the contract. Specifically, no allegations. The paragraph 3.4. And they're alleged to be successor liability? And they're alleged to be the successor of the partnership. That's the way the allegations read. But the allegations 3.4 of the paragraph says the labor and materials were provided pursuant to the contract. It says that the, was warranted that the work would be done in conformance with the contract specs. And the contract was signed only by the partnership. Yeah, and way before the LLC ever existed. So that can't be the basis for liability on the LLC. If the LLC became a successor during the period of your contract and under liberal pleading standards, wouldn't that be sufficient to allege that the LLC had liability? As a successor? Yeah. Yes, it would. But the difference is, I have a policy provision that says, and you are not an insured under my policy to the extent your liability is as a successor entity. We've got an exclusion. Correct. So that doesn't help. What you see is a lot of language here where all of the allegations seem to focus, at the LLC, seem to focus around the fact that it's a successor entity. And in fact, it's interesting, when you look at the first claim and the complaint where it's for breach of contract, it seeks to move the matter to arbitration. It doesn't allege any kind of assignment or allocation to the LLC. It doesn't allege the LLC signed the contract. So the only way that they could argue that the LLC would have to go to arbitration would be as some successor. So when you read the body of the complaint as a whole, that is clearly how the liability is based. It's derivative based upon the work of the partnership. That's what Judge Lazanik found. That's what Mr. Leeds found. That's what we think should be affirmed. But what took this insurance adjuster four months to figure all of this out? Well, Judge, I think that's kind of a misleading statement by counsel. Mr. Leeds' deposition testimony says he looked at the complaint and said there is no coverage. He concluded there was no coverage. And he said, send me more information. Let me see if there's some basis. Maybe the LLC went out there another time and did some work that's not alleged in the complaint, for which I might have some coverage. That is what his deposition testimony says. So he got information. He asked for information in a letter of April 7th. Some number of months later, he got the information. He reads it and then he writes back and he says, you know what, I got no coverage. I took another look to see if I could find something for you. I don't see it. I don't have an indemnity obligation either, which was still a factor at that time. But really, Judge, I believe that that is kind of a red herring. The issue really is what's the complaint say versus what's the policy say. And in this case, the liability that's alleged is clearly that as a successor entity, not as an individual having performed their own work. We didn't talk about the prejudice argument, but even if there was some defense obligation and there was some damages that the LLC had that they could assign to American states to pursue in this case, the LLC's submission of this matter to arbitration without consenting first financial was prejudiced as a matter of law. The McLean Townhomes case, which has been cited in the briefs, is pretty clear that that is sufficient as a matter of law to constitute prejudice. You're losing your rights to be in court with all the rights of appeal and all the review standards that exist. I know counsel cited the Mutual of Enumclaw case, arguing that we have to establish that there would be some different result. I think the problem with that is Mutual of Enumclaw actually acknowledged the McLean Homes case as existing in good law in that respect and did not change it at all. So the only law on this specific issue in the state of Washington is the McLean Homes case and it specifically says that there is no duty to, excuse me, that there is prejudice as a matter of law. So if that's the case, then first financial would have been excused of any defense obligation. Lastly, and I'll touch on only- Before the tender was made to your company. Yes, sir. Lastly, there has not been much discussion by counsel about the bad faith claim. Bad faith was not addressed at the trial court level in any way, shape, or form. It is a question of fact. This court can address bad faith only in that there is not bad faith if it is clear that there is not bad faith. That is, I believe, the only thing you can do in this case. That said, I don't believe there's a reason to remand the case, period, even if you decide there is a duty to defend because there is no damage for which American states can recover because the LLC incurred no damages itself. All right, thank you. Thank you. Rebuttal. Your Honors, let me address prejudice. There cannot be prejudice as a matter of law in this case because, number one, LLC obtained a defense verdict. No better result could have been had. Number two, LLC would have needed a defense whether it was in King County Superior Court or in arbitration. Number three, the contract says any claims that have to do with this apartment project go to arbitration. The LLC was sued. The claims were directly against LLC for its work on the apartment that caused damage. Even though it didn't do any work. Ultimately, it was found out it didn't do any work, but that's not what the complaint alleged. I understand, but I mean, you're back to the same point, then, that can the insurance adjuster or the insurance company investigate the allegations of the complaint to see whether they're true or not when they're ambiguous? Yes, Your Honor, while defending. Under reservation. Well, that's where we disagree. The, number two, first financial, or number, finally, first financial alleges prejudice. However, they've shown no actual, what was prejudicial? Mr. Leeds said he had no problem with the defense of the LLC. So, at a minimum, it's a question of fact. Prejudice is presumed only in extreme cases. First financial also, I believe, is confusing the duty to indemnify with the duty to defend. They keep talking about, Mr. Leeds says, well, there could be no coverage. Coverage is whether they have to pay, ultimately, or not. The point is, when the complaint was filed, the way it was drafted, there might have conceivably been coverage if those claims were proven. Thus, there was a duty to defend. The defense also was not gratuitous. American states wrote to LLC and said, we will treat you as an insured. And they defended the LLC. It is absolutely irrelevant that LLC didn't pay any of its own money. I can't be clearer about that. That's the point of getting insurance. That LLC did not pay any defense costs is irrelevant. American states did, and it holds the rights that LLC had. LLC had a right to get its defense paid by First Financial. My client now owns it. Why did American states defend LLC again? American states... Contractual obligations to defend LLC when their policy period predated the period of LLC. American states' policy period ended in October of 2000. LLC was formed in July of 2000. Because there was a three-month overlap, I believe that's why American states agreed to defend. Was there an additional insured endorsement? The policy was never changed, but... So if, to the extent that LLC was a different entity, and that's been established, according to counsel by partial summary judgment, it was a different entity, why did American states defend it except gratuitously in order to look good to its client partnership? Because the claims were intertwined. I believe the claims were intertwined because the... Well, let's suppose that Simon Wombat, who was never insured by anybody, was named as a defendant. Would American states defend Simon Wombat? No. However, LLC, you have to remember, this, the partnership in the LLC, it was two guys, two brothers, and that was it. Two brothers with a pickup truck. This was not a sophisticated business. American states stepped in and defended... Well, that's been determined by the summary judgment motion which said they were two different entities. They were two different entities. Unappealed. But practically... And we're stuck with that. That's correct. However, LLC converted three months before the American states' policy period ended. That is why American states defended both entities. Because at the time, there were separate claims against both entities. And until the arbitration was over, someone was seeking to hold both entities liable for $2 million. And until it was over, we only... And then and only then did we know that partnership got hit and LLC did not. All right. Thank you. Thank you, Your Honor. All right. The matter is submitted.
judges: Pregerson, Bea, Mahan